UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**CRISTOFER VILLARREAL SANTILLAN**,
*Gracy K. Pantoja Lozano, as Next Friend*,

Petitioner,

– against –

**RAUL MALDONADO, JR.**, *in their official capacity as Warden of the Metropolitan Detention Center Brooklyn New York*; **William Joyce**, *in his official capacity as Acting New York Field Office Director for US Immigration and Customs Enforcement*; **MARCOS CHARLES**, *in his official capacity as acting Executive Associate Director, Enforcement and Removal Operations*; **TODD M. LYONS**, *in his official capacity as Acting Director Immigration and Customs Enforcement*; **MARKWAYNE MULLIN**, *in his official capacity as Secretary US Department of Homeland Security*; **TODD BLANCHE**, *in their official capacity as Attorney General*,

---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-CV-5177 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On August 12, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the *pro se* petitioner during a routine ICE appointment. (ECF No. 1 at 2.) He is currently detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (*Id.*) The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Id.* at 5.) The Court grants the petition, as explained below.[1]

---

[1] The petitioner named Raul Maldonado "in their official capacity," and Todd Lyons "in his official capacity." The Clerk of Court is respectfully directed to amend the caption of this case to reflect the correct spellings.

## BACKGROUND[2, 3]

The petitioner is an asylum seeker from Peru. (ECF No. 1 at 2, 6.) On March 16, 2023, he entered the United States without inspection near El Paso, Texas. (*Id.* at 6, 20.) U.S. Customs and Border Protection ("CBP") arrested him and issued a Notice to Appear ("NTA"). (*Id.*) CBP then released him on his own recognizance, pursuant to 8 U.S.C. § 1226, requiring him to appear for removal proceedings before an immigration court and to follow local, state and federal law. (*Id.* at 6, 23.) He has valid work authorization and pending claims for asylum and withholding of removal. (*Id.* at 6, 26, 29; ECF No. 6-1 ¶ 9.)

According to the government, in April 2026 the petitioner was arrested for a violation of N.Y. Penal Law § 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree); the petitioner states that "he has not been charged with any crime in the United States or in any other country." (ECF No. 6-1 ¶ 11; ECF No 1 at 7.) On August 12, 2026, the petitioner reported to the ICE office at 26 Federal Plaza for a scheduled check-in. (ECF No. 1 at 6; ECF No. 6-1 ¶ 12.) After he arrived, ICE prepared a Form I-200, Warrant for Arrest of Alien, and detained him. (ECF No. 6-1 ¶ 12; ECF No. 6-2 at 2.). According to the petitioner, ICE did not show him a warrant or afford him an individualized hearing before detaining him. (ECF No. 1 at 6–7.). ICE transferred the petitioner first to the Delaney Hall Detention Facility in Newark, New Jersey, and then brought him to the MDC in Brooklyn, where is currently detained. (ECF No. 1 at 7, 31; ECF No. 6-1 ¶ 13.)

---

[2] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, 808 F. Supp. 3d 474, 479 n.1 (E.D.N.Y. 2025); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 402 n.1 (S.D.N.Y. 2025).

[3] Having reviewed all the submissions, the Court finds that the petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *Tumba v. Francis*, 813 F. Supp. 3d 394, 397 n.1 (S.D.N.Y. 2025); *see also* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose of" habeas petitions expeditiously, "as law and justice require").

On August 21, 2026, the petitioner, representing himself, filed this petition for habeas relief. (ECF No. 1.) The Court ordered the government to show cause why the petition should not be granted. (*ECF Order dated August 21, 2026*.)[4] The Court also directed the government to "explain the statutory authority for its detention of the petitioner, and, if applicable, whether the petition is controlled by the Second Circuit's opinion in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) and this Court's opinions in *Escalona v. Warden*, No. 26-CV-3920, 2026 WL 2018505 (E.D.N.Y. July 13, 2026), and *Diosa v. Warden*, No. 26-CV-4068, 2026 WL 2056253 (E.D.N.Y. July 16, 2026)." (*Id.*)

The government responded to the order to show cause on August 31, 2026. (ECF No. 6.) It first argues that *Cunha* does not "squarely govern" this case, because CBP arrested the petitioner after he crossed the border, not in the interior. (*Id.* at 3). The government also says that *Escalona v. Warden*, No. 26-CV-3920, 2026 WL 2018505 (E.D.N.Y. July 13, 2026) is distinguishable because CBP released Escalona at the border under 8 U.S.C. § 1182(d)(5). (*Id.* at 3 n.3.) Nevertheless, the government concedes that *Cunha* "likely counsels treating Petitioner as subject to detention under 8 U.S.C. § 1226(a)" because the petitioner was not released under 8 U.S.C. § 1182(d)(5). (*Id.* at 3.) In short, the government acknowledges that the petitioner's "case is not materially distinguishable from this Court's decision in *Diosa v. Warden*," No. 26-CV-4068, 2026 WL 2056253 (E.D.N.Y. July 16, 2026), in which the Court ordered Diosa's release because *Cunha* compelled the conclusion that Diosa was detained under 8 U.S.C. § 1226(a). (*Id.* at 3–4.) The government acknowledges that "if this Court were to adhere to its ruling in *Diosa*, *Diosa* will likely control the outcome." (*Id.* at 4.)

[4] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated August 21, 2026*.)

## LEGAL STANDARD

A district court is empowered "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In seeking a writ of habeas corpus, the petitioner alleges that ICE violated his "Constitutional right to Due Process under the Fifth Amendment," by detaining him without affording him "notice or opportunity to be heard." (ECF No. 1 at 12.) He argues that the government has no basis to detain him, because he "was released after crossing the border," "has applied for asylum and built a productive life in the United States," and is "not a flight risk" or "a danger to the community." (*Id.* at 7, 14, 16.) As explained above, the government concedes that *Cunha*, 175 F.4th 61, and *Diosa*, No. 26-CV-4068, 2026 WL 2056253, control, and that these precedents require the government to release the petitioner. (ECF No. 6 at 3–4.)

"*Cunha* compels the conclusion that the petitioner's detention is governed by Section 1226(a), not Section 1225(b)(2)(A), because he was already present in the United States for two years before his arrest." *Diosa*, 2026 WL 2056253, at *2 (citation modified). "*Cunha* held that Section 1225(b)(2)(A) applies only to a noncitizen 'seeking admission,' meaning 'a noncitizen who is seeking admission *right now*, not one who sought admission in the past but no longer is.'" *Id.* (quoting *Escalona*, 2026 WL 2018505, at *3). *Cunha*'s holding "allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk

or danger to the community, to be released on bond under Section 1226(a) while their removal proceedings are pending." *Cunha*, 175 F.4th at 70.

Accordingly, the Court easily concludes that the petitioner, who was released on his own recognizance in March 2023, and has not been found to be a flight risk or a danger to the community, is currently being detained under 8 U.S.C. § 1226 in violation of his right to due process under the Fifth Amendment of the Constitution. *See Diosa*, 2026 WL 2056253 at *3. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Thus, the government's ongoing detention of the petitioner, given the complete lack of process, entitles him to immediate release.[5]

The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government must return to the petitioner any property that it seized from him. The government is directed to submit a letter to the Court certifying compliance with this Order within 48 hours of this Order. The Court further orders that the petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). This order includes "an injunction barring deprivation of [any] of the [petitioner's] rights without the requisite procedural protections." *Khabazha v. U.S. Immigr. & Customs Enf't*, 25-CV-5279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering that the government release the petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and

[5] Because the Court resolves the petition on Fifth Amendment grounds, it does not address the petitioner's claims under the First Amendment, 8 U.S.C § 1357(a)(2), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). (*See* ECF No. 1 at 12–15.)

reporting requirements" and return him to the "status quo ante."). The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), is granted. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 1, 2026